IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | | |
|---|---|---|
| Stacey Howard, | ) | |
|     Petitioner, | ) | |
| | ) | |
| v. | ) | 1:14cv756 (TSE/JFA) |
| | ) | |
| G. Holloway, | ) | |
|     Respondent. | ) | |

MEMORANDUM OPINION

Stacey Howard, a Virginia inmate proceeding pro se, has filed a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, challenging the constitutionality of his conviction in the Circuit Court for the City of Portsmouth for robbery and for use of a firearm while committing that offense. Respondent has filed a Rule 5 Answer and a Motion to Dismiss with a supporting brief and exhibits. Petitioner was given the opportunity to file responsive materials pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975) and Local Rule 7(K), and he has filed a Reply Brief. Accordingly, this matter is now ripe for disposition. For the reasons that follow, respondent's Motion to Dismiss must be granted, and the petition must be dismissed.

I. Background

On December 13, 2010, a jury convicted petitioner of (1) robbery and (2) use of a firearm in committing a felony. Case Nos. CR09002151-01 and CR09002151-02. Following a sentencing hearing on July 6, 2011, he was sentenced to serve an aggregate of eleven years in prison. Petitioner appealed the convictions to the Court of Appeals of Virginia, raising only a claim that the evidence was insufficient to sustain the convictions for both crimes. A single

judge affirmed the convictions, Howard v. Commonwealth, R. No. 1409-11-1 (Va. Ct. App. Feb. 28, 2012), and a three-judge panel subsequently also denied petitioner's appeal. Howard's petition for appeal to the Supreme Court of Virginia was refused on October 31, 2012. Howard v. Commonwealth, R. No. 121040 (Va. Oct. 31, 2012).

On October 25, 2013, Howard filed a petition for a state writ of habeas corpus in the Supreme Court of Virginia, raising the following claims:

a. Trial counsel was constitutionally ineffective for failing to challenge the victim/witnesses' identification of petitioner as the robber on the grounds that any line-up or photo array may have been suggestive, and that the witnesses who identified petitioner at trial provided only a minimal physical description of the perpetrator on the evening of the offense.

b. Trial counsel was constitutionally ineffective for failing to introduce witness statements and a probable cause summary into evidence for the jury to consider.

c. Trial counsel was constitutionally ineffective for failing to subpoena Detective M.O. Murray to testify (i) that on the night of the robbery neither the victim nor his wife could identify the petitioner as the perpetrator and (ii) that another person, Michael Hicks, was arrested for the offense based upon information provided by another witness.

d. Trial counsel was constitutionally ineffective for failing to call Elaine Howard and other unnamed individuals as alibi witnesses.

e. Trial counsel was constitutionally ineffective for failing to call petitioner's orthopedic doctors to testify that petitioner needed an operation on his ankle.

f. Trial counsel was constitutionally ineffective for failing to object (i) that petitioner was not given Miranda warnings at the time of his arrest and (ii) that petitioner requested a lawyer at the time of his arrest but was nevertheless questioned by police for several hours and his statements from this interrogation were used at trial.

g. The Commonwealth violated his right to due process by withholding evidence and witnesses, and by failing to prove his guilt beyond a reasonable doubt.

    h.    Trial counsel was constitutionally ineffective and his deficient performance prejudiced petitioner because (i) the outcome of the trial was unfair and unreasonable and (ii) as petitioner claimed, counsel "refused to assist [petitioner] in presenting false evidence or otherwise violating the law."

By Order dated March 18, 2014, Howard's state habeas application was denied. Specifically, the Supreme Court of Virginia rejected all of the arguments on the merits with the exception of claim (g), which was held to be barred pursuant to the rule of Slayton v. Parrigan, 215 Va. 27, 29-30, 205 S.E.2d 680, 682 (1974). Howard v. Warden, R. No. 131681 (Va. Mar. 18, 2014); Resp. Ex. A.

On May 16, 2014, Howard timely filed the instant federal petition, raising the following claims:

    1.    The victim/witnesses failed to identify petitioner as the perpetrator of the robbery in a line-up or photo array prior to his appearance in court.

    2.    Trial counsel was constitutionally ineffective for failing to subpoena Detective M.O. Murray to testify that neither the victim nor his wife could identify the petitioner as the perpetrator on the night of the robbery and that another person, Michael Hicks, was arrested for the offense.

    3.    Trial counsel provided constitutionally ineffective assistance by failing to introduce into evidence surveillance video which petitioner claims depicted another person committing the crime.

    4.    Trial counsel provided constitutionally ineffective assistance by deviating from his stated intention prior to trial of calling Detective Murray to testify and introducing the surveillance video, and by failing to call an alibi witness and doctors to testify.

As noted above, respondent has filed a Motion to Dismiss the petition with a supporting brief and exhibits, and petitioner has filed various documents in reply. Dkt. 7-9, 17.

3

Accordingly, this matter is now ripe for disposition. For the reasons that follow, respondent's Motion to Dismiss must be granted, and the petition must be dismissed, with prejudice.

## II. Exhaustion

Before bringing a federal habeas petition, a state prisoner must first exhaust his claims in the appropriate state court. See 28 U.S.C. § 2254(b); Granberry v Greer, 481 U.S. 129 (1987); Rose v. Lundy, 455 U.S. 509 (1982); Preiser v. Rodriguez, 411 U.S. 475 (1973). To comply with the exhaustion requirement, a state prisoner "must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999). Thus, a petitioner convicted in Virginia must have presented to the Supreme Court of Virginia the same factual and legal claims raised in his § 2254 application here. See, e.g., Duncan v. Henry, 513 U.S. 364 (1995); Kasi v. Angelone, 300 F.3d 487, 501-02 (4th Cir. 2002). As discussed below, some of the claims petitioner raises here were not exhausted in the state forum.

## III. Standard of Review

When a state court has addressed the merits of a claim raised in a federal habeas petition, a federal court may not grant the petition based on the claim unless the state court's adjudication is contrary to, or an unreasonable application of, clearly established federal law, or based on an unreasonable determination of the facts. 28 U.S.C. § 2254(d). Whether a state court decision is "contrary to" or "an unreasonable application of" federal law requires an independent review of each of these requirements. See Williams v. Taylor, 529 U.S. 362, 412-13 (2000). A state court determination runs afoul of the "contrary to" standard if it "arrives at a conclusion opposite to that reached by [the United States Supreme] Court on a question of law or if the state court

decides a case differently than [the United States Supreme] Court has on a set of materially indistinguishable facts." Id. at 413. Under the "unreasonable application" clause, the writ should be granted if the federal court finds that the state court "identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." Id. Importantly, this standard of reasonableness is an objective one. Id. at 410. Under this standard, "[t]he focus of federal court review is now on the state court decision that previously addressed the claims rather than the petitioner's free-standing claims themselves." McLee v. Angelone, 967 F.Supp. 152, 156 (E.D. Va. 1997), appeal dismissed, 139 F.3d 891 (4th Cir. 1998) (table).

## IV. Analysis

In its opinion affirming Howard's convictions, the Court of Appeals described the underlying facts as follow:

> On the evening of November 25, 2009, Tommy Miller was in a Portsmouth parking lot conducting transactions for his employer, Chesapeake Core Supply. Working from the back of his pickup truck in this enterprise, Miller purchased from various individuals automobile parts that could be recycled or rebuilt. Miller paid the sellers in cash. Miller's wife stood four to five feet from him and recorded what Miller purchased and the price that he paid. Miller had a money bag containing about $9,000 in the front seat of his truck.
>
> While Miller was transacting business with customers at the back of the truck, appellant went to the passenger door of the vehicle and removed the money bag. Miller heard someone say, 'That guy's got your money bag.' Appellant remained beside the truck, and the people started advancing toward him. Appellant pulled out a gun, held it over his head, and fired the weapon. Miller was afraid, and he ducked down because he feared appellant would shoot him. Appellant got into a vehicle and left the scene [with the stolen money bag].

5

Howard v. Commonwealth, R. No. 1409-11-1, slip. op. at 1-2.

In his first claim, petitioner alleges that the victim/witnesses failed to identify him as the perpetrator of the robbery in a line-up or photo array prior to his appearance in court. So phrased, petitioner's claim is unexhausted, as he never raised this same argument of a direct due process violation in the state courts. Cf. Duncan, 513 U.S. at 364. However, on the face of his § 2254 petition, petitioner states that he did not raise the issue on direct appeal because his attorney failed to do so. Pet. at 6. In his petition for a writ of habeas corpus filed in the Supreme Court of Virginia, petitioner argued that he received ineffective assistance of counsel because his attorney failed to question the victim and witnesses about their pretrial identifications of the robber. In deference to petitioner's pro se status, petitioner's first claim in conjunction with his explanation of why it was not raised on direct appeal is construed as a claim that he thereby received ineffective assistance of counsel.[1] The Supreme Court of Virginia rejected this same claim on habeas corpus review, finding it to be without merit, and noting:

> In a portion of claims (a) and (b), petitioner contends he was denied the effective assistance of counsel because counsel failed to question the victim, Tommy Miller, and two other witnesses, Deborah Miller and Marcus Eason, about whether they ever identified petitioner from a photographic line-up. Petitioner argues this information was needed to determine when and how the witnesses first identified petitioner because their statements to the police contained no descriptions of the robber. Petitioner also contends this information was needed to ensure the witnesses' identifications were not the result of seeing petitioner at trial.

---

[1] Regardless of the legal issue under consideration, a state court's factual determinations are entitled to deference in a federal habeas corpus proceeding. See Merzbacher v. Shearin, 706 F.3d 356, 364 (4th Cir. 2013). This presumption of correctness applies to facts found by both trial and appellate courts. 28 U.S.C. § 2254(d); Sumner v. Mata, 449 U.S. 539, 546-47 (1981); see Wilson v. Greene, 155 F.3d 396, 405-06 (4th Cir. 1998) (citing Wright v. West, 505 U.S. 277, 292 (1992)).

6

The Court holds that these portions of claims (a) and (b) satisfy neither that 'performance' nor the 'prejudice' prong of <u>Strickland v. Washington</u>, 466 U.S. 668, 687 (1984). Petitioner fails to provide any evidence that the witnesses were ever shown a photographic line-up. Petitioner also fails to provide affidavits from the witnesses regarding how they would have testified if questioned about being shown a photographic line-up. Further, the record, including the trial transcript, demonstrates Tommy Miller admitted he never saw the robber's face while Deborah Miller and Eason both testified that, while the hood to petitioner's sweatshirt covered up his head, they both were able to see petitioner's face at the time he committed the robbery and they both recognized petitioner from earlier interactions with him, although neither knew petitioner's name. The record also demonstrates that counsel cross-examined Deborah Miller about her failure to identify petitioner in her statement to the police. Thus, petitioner has failed to demonstrate that counsel's performance was deficient or that there is a reasonable probability that, but for counsel's alleged errors, the result of the proceeding would have been different.

In another portion of claim (a), petitioner contends he was denied the effective assistance of counsel because counsel failed to challenge the witnesses' identification of the robber by showing they failed to provide any identifying features or description in their statements to the police. Petitioner contends he was five foot eight inches tall, 270 pounds, and 'very dark skin[ed]' at he time of his arrest.

The Court holds that this portion of claim (a) satisfies neither that 'performance' nor the 'prejudice' prong of <u>Strickland</u>. The record, including the trial transcript, demonstrates Tommy Miller admitted the only thing he could see was that the robber was wearing dark clothes. Deborah Miller testified she saw petitioner's face at the time he committed the robbery, recognized him from an earlier interaction, and noticed he had a distinctive limp. Other evidence demonstrated petitioner had a limp at the time of the offense. Petitioner's counsel did challenge Deborah Miller's identification of petitioner, including admitting her statement to the police showing she did not identify the robber by name or provide police with a detailed physical description. Eason also testified that he clearly saw petitioner's face, that he recognized him, and that petitioner ran with a limp. Eason further testified that after the robbery he followed petitioner, who fled in a white Lincoln Town Car, and that he was able to get petitioner's license plate number, which Eason gave to the police. Under the

> circumstances, counsel could reasonably have determined that any further efforts to impeach the witnesses' identification of petitioner as the robber would have been futile. Thus, petitioner has failed to demonstrate that counsel's performance was deficient or that there is a reasonable probability that, but for counsel's alleged errors, the result of the proceeding would have been different.

Howard v. Warden, supra, slip op. at 1-3.

To establish ineffective assistance of counsel, a petitioner must show that (1) "counsel's performance was deficient" and (2) "the deficient performance prejudiced the defendant." Strickland v. Washington, 466 U.S. 668, 687 (1984). To prove that counsel's performance was deficient, a petitioner must show that "counsel's representation fell below an objective standard of reasonableness" id. at 688, and that the "acts and omissions" of counsel were, in light of all the circumstances, "outside the range of professionally competent assistance." Id. at 690. Such a determination "must be highly deferential," with a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. at 689; see also, Burket v. Angelone, 208 F.3d 172, 189 (4th Cir. 2000) (reviewing court "must be highly deferential in scrutinizing [counsel's] performance and must filter the distorting effects of hindsight from [its] analysis"); Spencer v. Murray, 18 F.3d 229, 233 (4th Cir. 1994) (court must "presume that challenged acts are likely the result of sound trial strategy.").

To satisfy Strickland's prejudice prong, a "defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id.; accord, Lovitt v. True, 403 F.3d 171, 181 (4th Cir. 2005). The burden is on the petitioner to establish not merely that counsel's errors created

the possibility of prejudice, but rather "that they worked to his actual and substantial disadvantage, infecting his entire trial with errors of constitutional dimension." Murray v. Carrier, 477 U.S. 478, 494 (1986) (citations omitted, emphasis original). The two prongs of the Strickland test are "separate and distinct elements of an ineffective assistance claim," and a successful petitioner "must show both deficient performance and prejudice." Spencer, 18 F.3d at 233. Therefore, a court need not review the reasonableness of counsel's performance if a petitioner fails to show prejudice. Quesinberry v. Taylore, 162 F.3d 273, 278 (4th Cir. 1998).

Here, the Virginia court's conclusion that counsel did not provide ineffective assistance with respect to petitioner's identification by the victim and witnesses was both factually reasonable and in accord with Strickland. The trial record reveals that the victim, Tommy Miller, was unable to identify the robber at the time the offense occurred. [T. 71-74] However, he had had dealings with petitioner in connection with his auto parts business on several occasions in the days immediately prior to the crime. [T. 74-75] In addition, his wife Deborah was able to make a positive identification of petitioner as the robber. [T.86-88, 104] Although she did not know petitioner's name at the time, she recognized him from his business dealings with her husband. [T.95-96] Marcus Eason, another person who was present at the crime scene, also identified petitioner as the perpetrator. [T.112-14] Both Deborah Miller and Marcus Eason noted that the perpetrator limped as he ran toward a car that emerged from one of the bays of a nearby car wash to pick him up. [T. 90, 104, 117] Under these circumstances, no federal relief is warranted on petitioner's first claim.

In his second claim, petitioner contends that his trial counsel provided ineffective assistance by failing to subpoena Detective M.O. Murray to testify that neither the victim nor his

9

wife could identify the petitioner as the perpetrator on the night of the robbery and that another person, Michael Hicks, was arrested for the offense.

When Howard raised his second claim in his state habeas corpus action, the Supreme Court of Virginia found it to be without merit, as follows:

> In a portion of claim (c), petitioner contends he was denied the effective assistance of counsel because counsel failed to subpoena a police detective to testify that no one was able to identify petitioner either from a photographic line-up or on the night of the robbery.
>
> The Court holds that this portion of claim (c) satisfies neither that 'performance' nor the 'prejudice' prong of Strickland. Petitioner fails to provide an affidavit from the detective showing what his testimony would have been had he testified at trial or that his testimony would have been helpful to petitioner. Thus, petitioner has failed to demonstrate that counsel's performance was deficient or that there is a reasonable probability that, but for counsel's alleged errors, the result of the proceeding would have been different.

Howard v. Warden, supra, slip op. at 4-5.

The Supreme Court of Virginia's foregoing holding was a reasonable application of the Strickland principles. In general, courts "are reluctant to find ineffective assistance based upon complaints regarding uncalled witnesses." Lenz v. True, 370 F.Supp.2d 446, 479 (W.D. Va. 2005). A petitioner cannot show that he was prejudiced by the absence of a witness' testimony unless he demonstrates "not only that [the] testimony would have been favorable, but also that the witness would have testified at trial." Alexander v. McClotter, 775 F.2d 595, 602 (5th Cir. 1985). Thus, where a petitioner fails to proffer precisely what testimony a missing witness would have provided and to supply an affidavit verifying that proffer, he does meet his burden to demonstrate that counsel's performance was ineffective. See Makdessi v. Watson, 682 F. Supp. 2d 633, 654 (E.D. Va. 2010).

10

Here, Howard attempts to correct the deficiency identified by the Virginia court by supplying his own affidavit as to the expected contents of Detective Murray's missing testimony. See Pet. Att. at unnumbered pp. 4-5. However, his effort must be rejected for two reasons. First, a petitioner generally cannot rely on his own self-serving affidavit to establish his entitlement to relief. See United States v. Roane, 378 F.3d 382, 401 (4th Cir. 2004), cert. denied, 546 U.S. 810 (2005) (rejecting petitioner's affidavit on the ground that it contained hearsay statements which were inadmissible). Moreover, in Cullen v. Pinholster, __ U.S. __, 131 S.Ct. 1388, 1398 (2011), the Supreme Court held that "review under § 2254(d)(1) is limited to the record that was before the state court...." Since petitioner's affidavit was not part of the record before the Virginia courts, it may not be considered here. Accordingly, because the rejection of petitioner's second claim by the Supreme Court of Virginia was both factually reasonable and in accord with controlling federal principles, see Strickland, supra, the same result is compelled here. Williams, 529 U.S. at 412-13.

In his third claim, petitioner asserts that his lawyer rendered ineffective assistance by failing to show the jury a surveillance video which petitioner alleges demonstrates that another person, Michael Hicks, committed the crimes. This claim is procedurally defaulted from consideration on the merits. In his state habeas corpus proceeding, petitioner ascribed the absence of the video at trial to prosecutorial misconduct, and alleged that the Commonwealth both withheld the video and failed to have a detective testify about how it led to arrest warrants being taken out for the person depicted in the video. The Supreme Court of Virginia held that the claim was barred because the record, including petitioner's exhibits, demonstrated that petitioner was aware of the video prior to trial, such that the issue could have been raised at trial

and on direct appeal, and hence it was not cognizable in a petition for a writ of habeas corpus pursuant to Slayton v. Parrigan, 215 Va. 27, 29, 205 S.E.2d 680, 682 (1974), cert. denied, 419 U.S. 1108 (1975).

Here, petitioner re-casts the failure to present the video at trial as an instance of ineffective assistance of counsel. However, such a claim of ineffective assistance was never raised in the courts of Virginia and so remains unexhausted. "A claim that has not been presented to the highest state court nevertheless may be treated as exhausted if it is clear that the claim would be procedurally barred under state law if the petitioner attempted to present it to the state court." Baker v. Corcoran, 220 F.3d 276, 288 (4th Cir. 2000) (citing Gray v. Netherland, 518 U.S. 152, 161 (1996)). Importantly, "the procedural bar that gives rise to exhaustion provides an independent and adequate state-law ground for the conviction and sentence, and thus prevents federal habeas review of the defaulted claim." Id. (quoting Gray, 518 U.S. at 162). Here, petitioner's unexhausted claim of ineffective assistance predicated on the failure to introduce the surveillance tape is now incapable of exhaustion, since Va. Code § 8.01-654(B)(2) prohibits successive habeas actions. Thus, the claim is simultaneously exhausted and defaulted for purposes of federal habeas review. See Bassette v. Thompson, 915 F.2d 932 (4th Cir. 1990).

Federal courts may not review a barred claim absent a showing of cause and prejudice or a fundamental miscarriage of justice, such as actual innocence. Harris v. Reed, 489 U.S. 255, 260 (1989). In petitioner's Reply Brief to Respondent['s] Motion to Dismiss, he makes no effort to satisfy the cause and prejudice requirement, except to state in conclusory fashion that the failure to show the jury the surveillance video constituted a miscarriage of justice. To the extent that petitioner argues that he "did raise [a] claim about the surveillance video not being shown in

12

his habeas corpus to the Supreme Court," he is correct, but he overlooks the fact that in the state proceeding the issue was presented as an instance of prosecutorial misconduct rather than ineffective assistance of counsel. Since exhaustion requires that the state court must have considered the same legal claims raised in a federal habeas corpus application, Duncan, 513 at 364, petitioner's current allegation that the absence of the surveillance video was the result of ineffective assistance of counsel (rather than prosecutorial misconduct as he argued in the state forum) is not exhausted, and also is procedurally defaulted from federal review on the merits.

In his fourth claim, petitioner argues that trial counsel provided ineffective assistance by deviating from his stated intention prior to trial of calling Detective Murray to testify and introducing the surveillance video, and by failing to call an alibi witness and doctors to testify. The portion of this claim regarding counsel's failure to call Detective Murray was not presented to the state courts and so is both unexhausted and procedurally barred, as discussed above. In addition. the allegation that counsel deviated from what he told petitioner prior to trial concerning counsel's intention as to how to conduct the defense at trial also was not litigated in state court. That aspect of the claim accordingly also is both unexhausted and procedurally barred. Bassette, 915 F.2d at 932. Moreover, it is readily apparent that even if the claim were cognizable on the merits, it would entitle petitioner to no relief, since a pretrial statement of intent by counsel is irrelevant to the issue of whether the defense that actually was presented at trial amounted to constitutionally ineffective assistance. See generally, Gray v. Branker, 529 F.3d 220, 229 (4th Cir.), cert. denied, 129 S. Ct. 1579 (2009) (lawyer's "'strategic choices made after thorough investigation ... are virtually unchallengeable'").

The two remaining portions of the claim, where petitioner faults counsel for not calling

an alibi witness and two doctors, were rejected by the Supreme Court of Virginia in the state habeas proceeding on the following holdings:

> In claim (d), petitioner contends he was denied the effective assistance of counsel because counsel failed to call Elaine Howard to testify at trial that she was with petitioner in Virginia Beach on the night of the robbery.
>
> The Court holds that claim (d) satisfies neither the 'performance' nor the 'prejudice' prong of the two-part test enunciated in <u>Strickland</u>. Petitioner fails to provide an affidavit from Howard to verify that she would have testified as petitioner contends. Thus, petitioner has failed to demonstrate that counsel's performance was deficient or that there is a reasonable probability that, but for counsel's alleged errors, the result of the proceeding would have been different.
>
> In claim (e), petitioner contends he was denied the effective assistance of counsel because counsel failed to subpoena Dr. Arthur Wardell and Dr. David Huong. Petitioner alleges Dr. Wardell and Dr. Huong were his orthopedic physicians and would have testified petitioner required an ankle operation.
>
> The Court holds that claim (d) satisfies neither the 'performance' nor the 'prejudice' prong of the two-part test enunciated in <u>Strickland</u>. Petitioner fails to provide an affidavit from either Dr. Wardell or Dr. Huong establishing what their testimony would have been had they testified at trial. Further, the record, including the trial transcript and petitioner's exhibits, demonstrates the witnesses noticed the robber had a sever [sic] limp. Counsel advised petitioner it would be unwise to have Dr. Huong testify as it would establish that petitioner was being treated for an ankle injury at the time of the robbery, thus corroborating the Commonwealth's evidence. Thus, petitioner has failed to demonstrate that counsel's performance was deficient or that there is a reasonable probability that, but for counsel's alleged errors, the result of the proceeding would have been different.

<u>Howard v. Warden</u>, <u>supra</u>, slip op. at 5-6.

Here, as in claim two above, the Supreme Court of Virginia properly held that petitioner's failure to supply affidavits as to the expected testimony of the uncalled witnesses was fatal to his

claim that counsel's performance was ineffective. See Makdessi, 682 F. Supp. 2d at 654. Moreover, it is well settled in federal habeas jurisprudence that "'strategic choices made [by counsel] after thorough investigation ... are virtually unchallengeable.'" Gray v. Branker, 529 F.3d 220, 229 (4th Cir.), cert. denied, 129 S. Ct. 1579 (2009), quoting Strickland, 446 U.S. at 690-91. Decisions concerning the calling of witnesses are matters of strategy left to the attorney, which ordinarily cannot constitute ineffective assistance. Jones v. Barnes, 463 U.S. 745, 808 (1983). For the reasons stated by the Supreme Court of Virginia, counsel's decision not to call the orthopedists to supply testimony that would have corroborated the Commonwealth's evidence plainly amounted to a sound strategic decision that did not amount to ineffective assistance. Given that the dismissal of petitioner's fourth claim by the Supreme Court of Virginia was both factually reasonable and in accord with controlling federal principles, see Strickland, supra, that result must be allowed to stand. Williams, 529 U.S. at 412-13.

### V. Pending Motions

Also pending are two motions filed by petitioner, a Motion for Extension of Time for Filing Additional Materials [Dkt. 11] and a Motion to the Clerk [sic] Office [Dkt. 16]. After careful consideration, both motions must be denied.

In his Motion for Extension of Time to File Additional Materials, petitioner seeks permission to add "3 DVD's of the crime footage video" to the record of this federal action. According to petitioner, these DVD's contain the surveillance videos that his lawyer did not show to the jury. Without waiting for a ruling on his motion, petitioner subsequently mailed the DVD's to the court an envelope with the notation, "These DVD's are for Case 1:14-CV-00756-TSE-JFA."

Petitioner's request to add the surveillance videos to the record of this federal case must be denied, for two reasons. First, as discussed above in connection with claim three, petitioner's claim that the videos were wrongfully withheld from the jury's consideration was procedurally barred from consideration on the merits both in the state habeas corpus proceeding and again in this federal action. Petitioner supplies no affidavit as to the contents of the DVD's, nor does he make any argument that they would support a claim of actual innocence sufficient to overcome the procedural bar. Cf. Harris, 489 U.S. at 260. Therefore, the content of the videos is irrelevant to any issue under consideration here. Second, respondent has confirmed in his response opposing petitioner's request that "no DVD's or video recordings of any kind are part of the state court records of the Petitioner's trial ...." Dkt. 13, ¶ 4. As noted above, it is now settled that "review under § 2254(d)(1) is limited to the record that was before the state court ..." Cullen, 131 S.Ct. at 1398. For these reasons, petitioner's Motion for Extension of Time to File Additional Materials must be denied, and the Clerk will be instructed to return to petitioner the envelope containing the DVD's, which has not been opened.

Petitioner's Motion to the Clerk Office appears in legal effect to be a motion for an extension of time to file a reply to respondent's Motion to Dismiss. Since petitioner has now filed his reply, the motion will be denied, as moot.

## VI. Conclusion

For the foregoing reasons, respondent's Motion to Dismiss must be granted, and this petition must be dismissed with prejudice. Petitioner's two pending motions will be denied. An appropriate Order shall issue.

Entered this 26th day of January 2015.

Alexandria, Virginia

/s/
T. S. Ellis, III
United States District Judge